IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DANTE MAURICE FOSTER,

        Petitioner,

v.                                    CIVIL ACTION NO.  5:08-cv-01372

T. G. CRAIG,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

      Petitioner filed his Application Under 28 U.S.C. 2241 for Writ of Habeas Corpus by a Person in Federal or State Custody [Docket 1] on December 1, 2008.  By Order dated February 9, 2010, [Docket 8], United States Magistrate Judge R. Clarke VanDervort directed Petitioner to either submit the appropriate "Application to Proceed in Forma Pauperis" and "Authorization to Release Institutional Account Information and to Pay Filing Fee," or to pay the filing fee of five dollars ($5.00)  within twenty (20) days of  the date of said Order.  Petitioner was further notified that failure to do so would result in dismissal of this matter without prejudice.  More than twenty (20) days have passed since Magistrate Judge VanDervort filed his Order of February 9, 2010.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure[1] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, district courts possess the inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute *sua sponte*. See Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962).

Rule 41.1 of the Local Rules provides:

**Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall mail a certified copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the district court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff,
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first three factors, the Court finds that the delays in this case are attributable solely to Petitioner as Defendant has not been

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure provides:

**(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication upon the merits.

required to make an appearance in this action. Pursuant to 28 U.S.C. § 1915, federal courts may authorize the commencement of an inmate's civil action *in forma pauperis* upon the inmate's filing an Application to so proceed, together with an Affidavit stating the nature of the action and Petitioner's belief that he is entitled to redress. 28 U.S.C. §§ 1915(a)(1) and (2)(2002). "Section 1915 is intended to allow qualified litigants to proceed without having to advance the fees and costs associated with litigation." DeBlasio v. Gilmore, 315 F.3d 396, 398 (4th Cir. 2003). Petitioner has not responded to the Court's Order directing him to either pay the requisite filing fee in full or to file an Application to Proceed *in Forma Pauperis*. Petitioner, therefore, is the sole cause of the delay in this action. With respect to the second and third factors, although the record is void of further evidence indicating that Petitioner has a history of "deliberately proceeding in a dilatory fashion," the Court finds no real prejudice to either party will be occasioned by a dismissal of Petitioner's Complaint without prejudice.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Petitioner that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Petitioner would be futile in view of Petitioner's failure to pay the filing fee. Moreover, explicit warnings of dismissal would be ineffective in view of Petitioner's failure to respond to the Order entered over five (5) months ago advising Petitioner that Magistrate Judge VanDervort would recommend dismissal if Petitioner failed to complete and file the requisite forms.

Accordingly, the Court **ORDERS** Petitioner's Application Under 28 U.S.C. 2241 for Writ of Habeas Corpus by a Person in Federal or State Custody [Docket 1] dismissed without prejudice. The Court further **ORDERS** that this matter be **DISMISSED** from the docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    July 16, 2010

        *Irene C. Berger*
        IRENE C. BERGER, JUDGE
        UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA